**Opinion issued December 31, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00287-CR

_____

**SCOTTIE DEWAYNE NELSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1793758**

---

## MEMORANDUM OPINION

Appellant Scottie DeWayne Nelson was convicted of the second-degree felony offense of sexual assault of a child under 17 years of age. *See* TEX. PENAL CODE § 22.011(a)(2)(A). Based on evidence that Nelson was previously convicted of aggravated sexual assault of a child under 14 years of age, the trial court sentenced

him to life imprisonment without parole. *See id.* § 12.42(c)(4)(A). Nelson timely filed a notice of appeal.

Nelson's appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error, and therefore the appeal is without merit and frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.*; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has certified that he mailed a copy of the motion to withdraw and the *Anders* brief to Nelson, informed him of his right to file a response, and provided him with a motion to access the appellate record.[1] *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Nelson did not file a pro se response to the *Anders* brief.

---

[1]    Additionally, when counsel filed the *Anders* brief, the Clerk of this Court notified Nelson of his right to file a pro se response and to receive a copy of the appellate record.

2

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (requiring reviewing court to determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (stating that reviewing court need not address merits of each claim raised in *Anders* brief or pro se response after determining that no arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(a). Attorney Paul Morgan must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).